IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| WILLIE FRANK GRANT. JR.,             )<br>                                                          )<br>        Plaintiff,                              )<br>                                                          )<br>v.                                                     )<br>                                                          )<br>                                                          )<br>OFFICER LUCAS, et al.,               )<br>                                                          )<br>        Defendants.                        )  | CIVIL ACTION NO. 2:09-CV-963-TMH<br>[WO] |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This case is before the court on a 42 U.S.C. § 1983 complaint filed by Willie Frank Grant, Jr. ["Grant"], a city inmate, in which Grant alleges constitutional violations related to his arrest on September 28, 2009 and his resulting confinement in the Montgomery City Jail. Grant names officers Lucas, Huffman and Clark, members of the Montgomery Police Department, Janice Hopkins, warden of the city jail, and the City of Montgomery, Alabama as defendants in this cause of action.

Upon thorough review of the complaint, the court concludes that this case is due to be summarily dismissed upon application of 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).[1]

**DISCUSSION**

**A. Pending Criminal Charges**

Grant argues there is no valid basis for the criminal charges pending against him as such

---

[1] The court granted Grant leave to proceed *in forma pauperis* in this cause of action. *Court Doc. No. 3*. A prisoner who is allowed to proceed *in forma pauperis* will have his complaint screened under the provisions of 28 U.S.C. § 1915(e)(2)(B) which requires this court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

charges are the result of malicious prosecution. *Plaintiff's Complaint - Court Doc. No. 1* at 2. Under the decision of the United States Supreme Court in *Younger v. Harris*, 401 U.S. 37, 43-44 (1971), a federal court must refrain from interfering with pending state criminal proceedings "when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied equitable relief." The *Younger* abstention doctrine is premised upon a fundamental "public policy against federal interference with state criminal prosecutions." *Id*. at 43. In this case, Grant has an adequate remedy at law because he may pursue any of his federal constitutional issues through the state court system. *See generally Doby v. Strength*, 758 F.2d 1405 (11th Cir. 1985). Specifically, Grant can seek relief via pre-trial motions in the trial court and may pursue reconsideration of and/or appeal any adverse decision issued by the trial court. Thus, he may attack the constitutionality of the prosecution throughout the on-going state criminal proceedings, including post-conviction proceedings. Moreover, the plaintiff has not alleged the existence of any special circumstances which create a threat of irreparable harm. The mere fact that Grant must endure state criminal proceedings fails to demonstrate irreparable harm. *Younger*, 401 U.S. at 45. This court must therefore abstain from considering the merits of Grant's claims which challenge the constitutionality of the criminal charges pending against him as such claims are not cognizable in a 42 U.S.C. § 1983 action at this time. *Id*. at 43-44. Consequently, summary dismissal of the malicious prosecution claim is appropriate under 28 U.S.C. § 1915(e)(2)(B)(ii).

### B. September 28, 2009 Arrest

Grant complains that during his arrest defendant Lucas "push & elbow me in the chest while I was handcuffed." *Plaintiff's Complaint - Court Doc. No. 1* at 3. He also asserts Lucas rubbed his "brand new T-shirt on the wall & guard rail." *Id*. Grant maintains defendants Clark and Huffman

observed these actions and failed to intervene on his behalf. *Id*. After review of the facts presented in the complaint, it is clear that the arresting officers did not violate Grant's constitutional rights.[2]

> "The Fourth Amendment's freedom from unreasonable searches and seizures encompasses the plain right to be free from the use of excessive force in the course of an arrest." *Lee,* 284 F.3d at 1197 (citing *Graham v. Connor,* 490 U.S. 386, 109 S.Ct. 1865, 1871, 104 L.Ed.2d 443 (1989)). The question is whether [the arresting officer] behaved reasonably in the light of the circumstances before him. *Vinyard v. Wilson,* 311 F.3d 1340, 1347 (11th Cir. 2002).
> We have said that "*Graham* dictates unambiguously that the force used by a police officer in carrying out an arrest must be reasonably proportionate to the need for that force, which is measured by the severity of the crime, the danger to the officer, and the risk of flight." *Lee,* 284 F.3d at 1198. "'**Fourth Amendment jurisprudence has long recognized that the right to make an arrest or investigatory stop necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it**.'" *Id.* at 1197 (quoting *Graham,* 109 S.Ct. at 1871-72). "Use of force must be judged on a case-by-case basis from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Vinyard,* 311 F.3d at 1347 (internal quotation marks and citations omitted).

*McCormick v. City of Fort Lauderdale*, 333 F.3d 1234, 1244 (11th 2003) (emphasis added).

The law is well settled that "[n]ot every push or shove ... violates a prisoner's or [arrestee's] constitutional rights." *Johnson v. Glick*, 481 F.2d 1028, 1033 (2nd Cir. 1973), *cited with approval in Hudson v. McMillian*, 503 U.S. 1, 9 (1992). An excessive force claim "necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not a sort 'repugnant to the conscience of mankind.'" *Hudson*, 503 U.S. at 9-10, quoting *Whitley v.*

---

[2]Regardless of Grant's status at the time of his arrest, the applicable standard of review remains the same. *Bell v. Wolfish*, 441 U.S. 520, 99 S.Ct. 1861 (1979); *Lancaster v. Monroe County, Ala.*, 116 F.3d 1419, 1425 n.6 (11th Cir. 1997); *Cottrell v. Caldwell*, 85 F.3d 1480, 1490 (11th Cir. 1996) (citations omitted) ("Claims involving the mistreatment of arrestees or pretrial detainees in custody are governed by the Fourteenth Amendment's Due Process Clause instead of the Eighth Amendment's Cruel and Unusual Punishment Clause, which applies to such claims by convicted prisoners.... However, the applicable standard is the same, so decisional law involving prison inmates applies equally to cases involving arrestees or pretrial detainees."); *Hamm v. DeKalb County*, 774 F.2d 1567, 1574 (11th Cir. 1985), *cert. denied*, 475 U.S. 1096, 106 S.Ct. 1492 (1986) (For analytical purposes, there is no meaningful difference between the analysis required by the Fourteenth Amendment and that required by the Eighth Amendment.); *Tittle v. Jefferson County Commission*, 10 F.3d 1535, 1539 (11th Cir. 1994) (observing that "[w]hether the alleged violation is reviewed under the Eighth or Fourteenth Amendment is immaterial.").

*Albers*, 475 U.S. 312, 327 (1986); *Harris v. Chapman,* 97 F.3d 499, 505 (11th Cir.1996) (the application of *de minimis* force, without more, does not present a claim cognizable under the Eighth Amendment). The Eleventh Circuit has likewise "established the principle that the application of *de minimis* force, without more, will not support a claim for excessive force in violation of the Fourth Amendment." *Nolin v. Isbell,* 207 F.3d 1253, 1257 (11th Cir.2000) (arrest where suspect was grabbed from behind, thrown against van, kneed in back, uncomfortably searched in groin area, and bruised on forehead, wrists, and chest was *de minimis* and not constitutionally actionable).

The physical contact about which Grant complains alleges, at best, a "*de minimis* use[] of physical force" which is excluded from "[t]he [Constitution's] prohibition of 'cruel and unusual' punishments" as such contact "is not of a sort 'repugnant to the conscience of mankind.'" *Hudson*, 503 U.S. at 9-10; *Rodriguez v. Farrell*, 294 F.3d 1276, 1278-1279 (11th Cir. 2002) (no use of excessive force where officer continued to handcuff suspect after he alerted officer to arm injury); *Anderson v. Sullivan*, 702 F.Supp. 424 (S.D.N.Y. 1988) (officer who pushed prisoner into a bar and put his hands behind his back to apply handcuffs did not administer excessive force). Moreover, Lucas did not use any where near the amount of force in arresting Grant that the officer used in *Nolin.* Thus, the use of force by Lucas against Grant clearly constitutes "a 'de minimis' amount of force" in effectuating the arrest and Grant has therefore failed to set forth a cognizable excessive force claim. *Sullivan v. City of Pembroke Pines*, 161 Fed.Appx. 906, 910 (11th Cir. 2006); *Nolin*, 207 F.3d at 1257.

To the extent Grant argues defendants Huffman and Clark acted with deliberate indifference to his safety in failing to protect him from the force used by officer Lucas, he is likewise entitled to no relief. Although "an officer who is present at the scene and who fails to take reasonable steps to

protect the victim of another officer's use of excessive force can be held personally liable for his nonfeasance[,]" *Skrtich v. Thornton*, 280 F.3d 1295, 1301 (11th Cir. 2002), the force utilized by Lucas was not excessive and, therefore, no liability attaches regarding the failure of Huffman and Clark to intervene.

In light of the foregoing, the court concludes that Grant's claims related to the force used against him during his arrest fail to state claims on which relief is due to be granted and such claims are therefore subject to dismissal in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii).

### C.  Lack of Grievance Responses

Grant maintains defendant Hopkins violated his constitutional rights due to her failure to provide responses to grievances he filed. *Plaintiff's Complaint - Court Doc. No. 1* at 3. In the context of a jail setting, "an inmate grievance procedure is not constitutionally required." *Spencer v. Moore*, 638 F. Supp. 315 (E.D. Mo. 1986) (citations omitted). "A prison grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates. Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the fourteenth amendment." *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (citing *Azeez v. DeRobertis*, 568 F.Supp. 8, 10 (N.D. Ill. 1982). Thus, an official's failure to respond to grievances filed by an inmate provides no basis for relief in this cause of action. *Brown v. Dodson*, 863 F.Supp. 284 (W.D. Va. 1994); *Azeez*, *supra*. Consequently, this claim is due to be dismissed as frivolous pursuant to the directives of 28 U.S.C. § 1915(e)(2)(B)(i).

### CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be

dismissed with prejudice prior to service of process in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). It is further

ORDERED that on or before November 9, 2009 the parties may file objections to this Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 26th day of October, 2009.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE